(III So. 339)

No. 26131.

GWIN v. TUSA.

(Jan. 3, 1927.  Rehearing Denied Jan. 31, 1927.)

(Syllabus by Editorial Staff.)

Vendor and purchaser ⬤⟲37(7)—Sales; agent's concealment of identity of principal held to vitiate contract for sale, agent bearing duty of disclosing purchaser's identity.

In suit for specific performance of contract for sale of realty, real estate agent, possessing confidence of uneducated landowner, held under duty to disclose identity of purchaser to landowner, such owner having repeatedly refused to sell property to person whom agent represented, so concealment of identity vitiated contract.

Rogers, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Specific performance suit by Oscar M. Gwin against Mike Tusa. From a judgment decreeing specific performance, defendant appeals. Annulled and reversed.

U. Marinoni, Jr., Michel Provosty, and R. E. Bell, all of New Orleans, for appellant.

Milner & Porteous and P. M. Milner, Trial Atty., all of New Orleans, for appellee.

LAND, J. This is a suit to compel defendant to specifically perform the alleged acceptance by him of an offer on the part of plaintiff to purchase from defendant a certain portion of ground, consisting of the whole of lot 8 and the half of lot 7, adjoining, measuring 45 feet front on Louisiana avenue, by a depth, between parallel lines, of 128 feet; said portion of ground commencing at a distance of 60 feet from the corner of Louisiana and South Rampart streets, in the city of New Orleans.

From a judgment decreeing specific performance, defendant has appealed.

Defendant denies having accepted any offer whatever from plaintiff to purchase the property in question, and alleges that his signature was obtained to a blank form of offer to purchase by misrepresentation.

1. Defendant's home is located on part of the property in question. Plaintiff owns adjoining lots, which he uses for a storage yard, and desired to purchase the vacant lot and a half adjacent to defendant's home, and next to plaintiff's lots, for the purpose of expanding his storage business.

In order to avoid a storage yard in closer proximity to his residence, defendant had re-

peatedly refused to sell the property in question to plaintiff, although solicited to do so by plaintiff's real estate agent.

It is admitted that plaintiff's agent obtained the signature of defendant, an uneducated Italian, to the unsigned or blank offer of plaintiff to purchase this property. This offer was signed afterwards by plaintiff. It is also admitted that plaintiff's agent did not disclose the name of plaintiff as his principal to defendant at the time he obtained defendant's signature.

It appears also that plaintiff's agent enjoyed the confidence of defendant and had acted as defendant's agent in the purchase of this property originally by defendant. It is clear to our minds that, if defendant had been advised at the time by plaintiff's agent as to the name of the prospective purchaser, he would not have consented to the acceptance of plaintiff's offer to purchase.

It was plainly the duty of plaintiff's agent to have so advised defendant, before obtaining his signature. While the identity of the purchaser may not be of much importance in many cases, yet, in this particular case, it was a material fact in obtaining the consent of defendant to the sale of his property.

The concealment by plaintiff's agent of the fact that plaintiff was the intended purchaser was sufficient therefore, in the case at bar, to vitiate the contract for want of consent on the part of defendant.

We do not mean to hold, however, that it is incumbent upon a real estate agent, as a general rule, to disclose to the owner of property the name of the prospective purchaser.

The judgment appealed from is therefore annulled and reversed. It is now ordered that the purported agreement, evidencing the offer of plaintiff to purchase and its acceptance by defendant, of date January 20, 1922, be rescinded and set aside, and that the registry of said purported agreement on January 26, 1922, in Book 343, folio 278, of the conveyance office of the parish of Orleans be canceled and erased, and that plaintiff pay all costs.

ROGERS, J., dissents, being of the opinion that the judgment appealed from should be affirmed.

O'NIELL, C. J. (concurring in the decree). I concur in the decree rendered in this case, but deem it sufficient to say that it was the duty of the real estate agent to inform Tusa that, in signing the acceptance of a blank offer to buy, he was, in fact, selling his property to Gwin. Ordinarily, a real estate broker, in negotiating a deal, may not be required to make known the name or identity of his principal before obtaining the signature of the other party. But, in this instance, the real estate agent had represented Tusa in his buying of the property, and the agent had ample reason to believe that Tusa thought the agent was representing him yet when the agent sought and obtained Tusa's signature to the acceptance of the blank offer to buy; and the agent knew that Tusa was unwilling to sell the property to Gwin because of the use which he intended to make of it. For these reasons I agree that Tusa's ignorance of the import of his signing the acceptance of the unsigned offer to buy relieves him of any obligation to sell his property to Gwin.